IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KATHLEEN GRAHAM,
on behalf of M.L.M., a minor child     PLAINTIFF

v.     No. 3:11-cv-8-DPM

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration     DEFENDANT

ORDER

1. The Administrative Law Judge concluded that M.L.M., Graham's teenage daughter, had several severe impairments—attention deficit hyperactivity disorder, oppositional defiant disorder, unspecified mood disorder, and unspecified bipolar disorder. The ALJ also concluded, however, that M.L.M. was not disabled because none of her impairments, nor all of them combined, met, medically equaled, or functionally equaled an impairment listed in the regulations. 20 C.F.R. § 416.924(c)–(d); 20 C.F.R. Part 404, Subpart P, Appendix I. Graham submitted additional evidence to the Appeals Council, but it denied review. Graham appeals the Commissioner's decision that, because M.L.M. is not disabled, Graham is not entitled to

Supplemental Security Income on her daughter's behalf. Does substantial evidence on the record as a whole support the Commissioner's decision? 42 U.S.C. §§ 405(g), 1383(c)(3); *Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005).

**2.** Graham contends that M.L.M.'s severe impairments combine to be the functional equivalent of a Listed Impairment. Functional equivalence is evaluated based on domains of functioning—broad areas of functioning intended to capture all of what a child can or cannot do. An impairment is functionally equivalent to one that is listed when the impairment results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A marked limitation is more than moderate, but less than extreme. 20 C.F.R. § 416.926a(e)(2). It seriously interferes with a young person's ability to initiate, sustain, or complete activities independently. *Ibid.* It is a level of functioning that, if quantified by standardized testing, would be between two and three standard deviations below the mean. *Ibid.*

**3.** There are six domains of functioning. Graham agrees that M.L.M. has no limitations in two domains: moving about and manipulating objects,

and caring for one's self. Graham challenges the ALJ's findings about four domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, and (4) health and physical well-being.

The "acquiring and using information" domain covers skills related to learning and thinking. 20 C.F.R. § 416.926a(g). M.L.M.'s grades in Fall 2008 at the alternative school were:

| | |
|---|---|
| Physical Education | A |
| Test Preparation | B |
| Science | B |
| Art | A |
| American History | B |
| English | A |
| Math | D |
| Family WC | A |

*Tr. at 148.* True, she has had serious problems with math. *Tr. at 148, 223, 242.* But her most recent reports show substantial improvement: in Spring 2010, back at her junior high school, she could boast a 93% in Algebra. *Tr. at 252.* Substantial evidence on the record as a whole supports the ALJ's determination that M.L.M. had no marked limitation in this domain.

The domain "attending and completing tasks" measures M.L.M's

abilities to focus and maintain attention. 20 C.F.R. § 416.926a(h). The ALJ found that M.L.M. had a less than marked limitation in this domain. *Tr. at 17*. Substantial evidence on the record as a whole supports that finding. Cindy Eagle, the social worker at M.L.M.'s junior high, reported in Fall 2008 that this teenager had "obvious problems" in ten subareas of this domain. *Tr. at 129*. But by Spring 2009 Eagle observed only "slight" problems, and only in six subareas. *Tr. at 149*. In seven subareas Eagle observed no problems at all. *Ibid.* A psychoeducational evaluation from Spring 2010 noted that M.L.M. "did not display any distractibility or inattentiveness[,]" *Tr. at 248*, and that the school ADD rating scale "[did] not identify any significant weaknesses." *Tr. at 250*. All of this is evidence that a reasonable mind would accept as adequate to support the ALJ's finding: M.L.M.'s limitations here were less than marked.

The ALJ also found a less than marked limitation in the third challenged domain, "interacting and relating with others." This domain measures a claimant's abilities to initiate and sustain emotional connections and to cooperate with others. 20 C.F.R. § 416.926a(i). Graham reported that her daughter lacked friends her own age and got along poorly with teachers and

family members. *Tr. at 115*. And M.L.M. was assigned to alternative school after behavior problems in the eighth grade. *Tr. at 30–31*. But Eagle reported no behavior problems in either of her reports. *Tr. at 130, 150*. And in 2010 M.L.M.'s psychoeducational examiner reported her to be "very pleasant" and wrote that she "smiled often and appeared to put forth her best effort at all times." *Tr. at 248*. That is substantial evidence.

The ALJ found no limitation in "health and physical well-being," the fourth disputed domain, and substantial evidence supports that finding too. *Tr. at 21*. This domain incorporates the negative physical effects of illness or medical treatment. 20 C.F.R. § 416.926a(*l*). While M.L.M. has several diagnosed psychological disorders, and has been on medication for some, *e.g.*, *Tr. at 194*, the Court sees no evidence, substantial or otherwise, of any *physical* effect on M.L.M. Indeed, she seems to be a physically normal and healthy teenage girl. *Tr. at 183*.

**4.** The Court has reviewed the entire record, including the briefs, the ALJ's decision, the hearing transcript, and the medical and other evidence. Graham had the burden of proving that her daughter was disabled. 20 C.F.R. § 416.912(a). She did not carry that burden. The Commissioner's decision is

not based on legal error. And it is supported by ample evidence that "a reasonable mind would find ... adequate to support [the ALJ's conclusions]." *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). This Court therefore affirms the Commissioner's decision on Graham's claim for M.L.M.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 March 2012